ERNESTINE LYONS, ADMINISTRATRIX, APPELLEE, V. AL-
PHONSO S. GODFREY, APPELLANT, ET AL.

FILED SEPTEMBER 23, 1898. No. 8208.

Foreclosure: SALE OF REALTY: PRIOR LIEN. Where real estate is sold
under a decree of foreclosure, subject to a prior lien, the pur-
chaser must discharge such lien, or suffer the land to be sold for
its satisfaction.

APPEAL from the district court of Lancaster county.
Heard below before TIBBETS, J. *Affirmed.*

*Stewart & Munger,* for appellant.

*Charles O. Whedon,* contra.

SULLIVAN, J.

Francis Lyons sold and contracted to convey to John
R. Megahan five acres of land in Lancaster county. Two
hundred dollars of the purchase price was paid in cash,
and by the terms of the contract the balance was to be
paid in six annual installments, commencing August 13,
1891. . Immediately after the execution of the contract
Megahan went into possession of the land and erected
a house and barn thereon. Alphonso S. Godfrey fur-
nished the materials for these buildings and took a me-
chanic's lien on the property. In an action brought to
foreclose this lien Lyons was made a party defendant and
filed an answer asserting his rights under the contract
of sale. In due time the cause was tried and the amount
of Godfrey's claim adjudged to be a lien on the premises,
subject only to the deferred installments of the purchase-
money. The first of said installments had matured when
the decree was rendered, and the court directed the land
to be sold for the satisfaction of the same, as well as
for the amount due Godfrey on his mechanic's lien. The
land was appraised for sale by deducting from the gross
valuation the purchase-money which had not matured

when the decree was rendered. Godfrey became the purchaser at the foreclosure sale, and, upon securing an order confirming the same, took possession of the premises and is still in the occupancy thereof. Lyons died in March, 1893, and afterwards this action to foreclose the purchase-money lien on the land in question was commenced by his widow as administratrix of his estate. Godfrey answered the petition alleging that in the action brought to foreclose the mechanic's lien there was a full adjudication of Lyons' rights under the contract of sale, and that this action is consequently barred. The district court found the plaintiff had a vendor's lien, ascertained the amount due thereon, and directed that the premises be sold for its payment. From this decree Godfrey appeals.

In the first action it was determined that appellant's lien was inferior to Lyons'. As required by the terms of the decree, the land was offered for sale and sold subject to five installments of the purchase-money which had not then matured. The appellant purchased subject to this incumbrance, and he must, of course, discharge the same or suffer the land to be sold for its satisfaction. The judgment is manifestly right and is

　　　　　　　　　　　　　　　　　　　　　　　AFFIRMED.